Alliance Shippers Inc. v. Garcia, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
DEBRA ANN LIVINGSTON,
_Circuit Judges_,
JED S. RAKOFF,[*]
_District Judge_.

- - - - - - - - - - - - - - - - - - - -X
ALLIANCE SHIPPERS INC.,
_Plaintiff-Appellant_,

-v.-                                    15-1895

JOHN J. GARCIA, individually and as agent of KRISP-PAK SALES CORP., and CARLOS O. GARCIA, individually and as agent of KRISP-PAK SALES CORP.,
_Defendants-Appellees_.
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**　　　　　　　RONALD HOROWITZ, Law Offices of Ronald Horowitz, Flagler Beach, Florida.

**FOR APPELLEES:**　　　　　　　LEONARD KREINCES, Howard Rosenberg, Kreinces & Rosenberg, P.C., Westbury, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Alliance Shippers, Inc. ("Alliance") appeals from the judgment of the United States District Court for the Southern District of New York (Forrest, <u>J.</u>), dismissing the complaint on motion. Alliance alleges that it provided freight transportation services to Krisp-Pak Sales Corp. ("Krisp-Pak"), a produce seller, and has never received payment.[1] Alliance alleges that defendants John Garcia and Carlos Garcia, who were officers of Krisp-Pak, fraudulently transferred money from Krisp-Pak to themselves. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. The district court dismissed the fraudulent transfer cause of action for failure to state a claim. Under Federal Rule of Civil Procedure 9(b), all claims of fraud are subject to a heightened pleading standard and must be pleaded with particularity; plaintiffs are required to detail the statements or omissions that the plaintiff contends are fraudulent, identify the speaker, state where and when the statements were made, and explain why the statements are fraudulent. <u>See</u> <u>Fin. Guar. Ins. Co. v. Putnam Advisory Co.</u>, 783 F.3d 395, 402-03 (2d Cir. 2015).

---

[1] Alliance previously obtained a $371,007.68 judgment in New Jersey Superior Court in its favor against Krisp-Pak, which is not a party to this suit. According to the amended complaint, Krisp-Pak "began the process of informal liquidation in or around 2012." Am. Compl. ¶ 33. According to the defendants, Krisp-Pak was never actually dissolved.

As the district court ruled, the plaintiff has not identified a single factual allegation in its amended complaint that would support an inference of fraudulent intent by the defendants. While, under Rule 9(b), intent need not "be alleged with great specificity," Chill v. Gen. Elec. Co., 101 F.3d 263, 267 (2d Cir. 1996), the plaintiff has made no allegations of fact to support his characterization of the loans the defendants made as "capital contributions," nor are there any other allegations in the complaint that suggest fraudulent intent.

2. The district court dismissed the plaintiff's recharacterization and equitable subordination claims as bankruptcy claims that are not properly before a district court. The district court did not err. See, e.g., HBE Leasing Corp. v. Frank, 48 F.3d 623, 634 (2d Cir. 1995) ("Equitable subordination is distinctly a power of federal bankruptcy courts, as courts of equity, to subordinate the claims of one creditor to those of others.").

3. The plaintiff argues that the defendants, as shareholders and officers, owed fiduciary duties to Krisp-Pak's creditors and that those duties were breached. The plaintiff has not alleged facts that would support this claim. Instead, its brief makes arguments for piercing the corporate veil that have no apparent connection or relevance to the breach of fiduciary duty allegations. Accordingly, this claim is also dismissed.

4. The district court denied the plaintiff's motion to amend its complaint. However, the plaintiff has already amended its complaint once, and we have held that, in such circumstances, a district court does not abuse its discretion when it denies further leave to amend. ATSI Commc'ns v. Shaar Fund, Ltd., 493 F.3d 87, 108 (2d Cir. 2007); McLaughlin v. Anderson, 962 F.2d 187, 195 (2d Cir. 1992). Accordingly, the district court did not abuse its discretion in denying the plaintiff's request to amend.

For the foregoing reasons, and finding no merit in the plaintiff's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3